# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| USA, <br>     Plaintiff, <br> v. <br> MICHAEL CHOI, <br>     Defendant. | CRIMINAL ACTION <br><br> NO. 10-cr-657 |

## MEMORANDUM & ORDER

Tucker, J.　　　　　　　　　　　　　　　　　　　　　　　　　　May____, 2011

Presently before this Court is Defendant's Motion for Reconsideration (Doc. 103) and the Government's Response in Opposition thereto (Doc. 104). For the reasons set forth below, Defendant's Motion is denied.

## I. Background

On September 30, 2010, Defendant Michael Choi ("Defendant" or "Choi") along with co-Defendants Sung Mahn Gang, Hee Chan Bang, and Keun S. Hwang were charged by Indictment (Doc. 1) for one count of conspiracy in violation 18 U.S.C. § 371, seven counts of making false statements in violation of 18 U.S.C. § 1001, three counts of filing false tax returns in violation of 26 U.S.C. § 7206(1), and one count of aiding and abetting in violation of 18 U.S.C. § 2.[1] On October 1, 2010, Defendant Choi was arrested and arraigned.

---

[1] The indictment charges that Defendant Choi, an attorney, through his law firm, Choi and Associates, fraudulently obtained green cards for Choi's clients who were not United States citizens or nationals, by arranging to have employers, including Choi's co-defendants and others, falsely state in documents submitted to the United States that the employers intended to employ, or did employ, Choi's alien clients. The indictment charges further that Defendant Choi filed false individual federal tax returns for the calendar years 2004, 2005 and 2006, wherein Choi failed to report more than $1,000,000 in income.

On October 5, 2010, Defendant Choi was released on bail in the amount of $100,000 secured by his residence located at 74 Sunflower Way, Huntingdon Valley, Pennsylvania ("residential real estate"). The Court additionally ordered (Doc. 10) Choi (1) to report to Pretrial Services as directed and, (2) because Choi had submitted a urine specimen that was positive for both cocaine and marijuana, to undergo drug treatment and submit to random drug testing.

On March 17, 2011, the Government filed a Superseding Indictment (Doc. 77) against Defendant Choi and Jong Soon Park, in which Defendant Choi was charged with two counts of conspiracy in violation 18 U.S.C. § 371, three counts of false statements in violation of 18 U.S.C. § 1001, and two counts of filing false tax returns in violation of 26 U.S.C. § 7206(1).[2] Trial in this matter is presently scheduled to commence on August 9, 2011.[3]

On April 26, 2011, the Government filed a Motion to Revoke Bail (Doc. 93). In the Motion, the Government argued that Choi failed to meet the requirements of bail as evidenced by (1) the test results obtained by Pretrial Services for urine samples submitted by Defendant Choi on January 3 and April 4, 2011 that both tested positive for cocaine; and (2) Defendant Choi's statements to Pretrial Services on April 25, 2011 admitting that he had submitted urine samples that tested positive for cocaine on those two dates. The Government also noted that Defendant Choi failed to report to Pretrial Services as directed on April 18, 2011.

---

[2] The superseding indictment, inter alia, adds charges against Defendant Jong Soon Park, one of Choi's alien clients.

[3] Trial was initially scheduled for November 15, 2010. Due to three continuances, two filed by Defendant Choi and one filed by Defendant Park, the trial is now scheduled to begin August 9, 2011.

On April 26, 2011, the Court held a hearing on the Government's Motion.[4] The Court found the testimony presented through the Government's witness, the Pretrial Services Officer, to be credible. The Court found that clear and convincing evidence existed to demonstrate Defendant violated the conditions of his release by using and possessing a controlled substance on January 3 and April 4, 2011. The Court found little credence in Choi's claim that he somehow unintentionally used cocaine on those occasions and that he was merely "pretending" to take cocaine while playing a board game with other persons who were purposely using the controlled substance. The Court also found that clear and convincing evidence existed to establish that Defendant Choi failed to report to Pretrial Services as directed. Moreover, the Court concluded that based on the totality of Defendant Choi's conduct including his repeated drug use, his failure to report to Pretrial Services, his dishonesty and his unsuitability for additional treatment, it had been established by a preponderance of the evidence that Defendant was unlikely to abide by any condition or combination of conditions of release. Accordingly, the Court granted the Government's Motion to Revoke bail in an Order dated April 26, 2011 (Doc. 98) and Defendant Choi was remanded to the custody of the United States Marshal on the same

---

[4] Title 18 U.S.C. § 3148 governs the sanctions to be imposed in the event a defendant violates a condition of his pretrial release order. Section 3148(b) provides that a judicial officer shall enter an order of revocation of the previous release order, and shall order detention, if after a hearing, the judicial officer:

> (1) finds that there is- (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that- (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release.

day.

On May 5, 2011, Defendant Choi filed a Motion for Reconsideration (Doc. 103). On May 6, 2011, the Government filed a Response in Opposition thereto (Doc. 104). The Court now addresses this pending motion.

## II. Legal Standard

Motions for reconsideration are governed by Local Civil Rule 7.1(g), incorporated by Local Criminal Rule 1.2. The Third Circuit has held that a motion for reconsideration will be granted only if the moving party can demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Motions for reconsideration, however, should be granted sparingly "because courts have a strong interest in the finality of judgments." Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (quoting Cont'l Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)); Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) ("...reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court.").

## III. Discussion

As an initial matter, the Court notes that there has been no intervening change in the controlling law and no new evidence has been presented concerning this matter. As such, the only basis upon which the Court may grant Defendant Choi's motion for reconsideration at this

time is to correct a clear error of law or fact to prevent manifest injustice.

Defendant Choi now ask this Court to reconsider its Order revoking his bail or, in the alternative, to consider requiring additional stringent conditions of release.  To support this request, Defendant notes that he is not charged with a violent crime, but rather, he is charged with tax evasion and immigration fraud.  Defendant further argues that the Court can be reasonably assured of Defendant's compliance the Court's pretrial release order by incorporating additional strict conditions such as home confinement, electronic monitoring, and a curfew.  Defendant also claims that his law firm, and thus the employment of at least eight individuals who work for him, would be at risk during his long period of incarceration, due to the delay in trial resulting from the Government's addition of an additional defendant via the Superseding Indictment filed in March 2011.  Defendant also points to other reasons for why he should be allowed bail including, inter alia, the fact that he has an emotional and professional support system at home and the fact that this matter is complex and he would be hampered in his efforts to prepare for trial if he is held in custody.

The Government disagrees and contends that the facts proven by the Government at the hearing held April 26, 2011 have not changed – Choi possessed cocaine on January 3 and April 4, 2011; Choi failed to report to Pretrial Services on April 18, 2011; Choi gave his Pretrial Services Officer a deceitful account of his drug use; and Choi is not suited for additional drug treatment because he lied to his drug treatment counselor.  The Government further asserts that Choi has not given an honest account of his cocaine use and that he offers no proof that the law firm has any substantial paying legal work that only he can perform, as opposed to the other three lawyers who also work at the firm.  The Government also contends that this is not the first time

Choi has chosen to disregard the terms of this Court's Pretrial Release Order. For example, the Government points out, Choi posted his residential real estate as security for his bail and subsequently attempted to list the property for sale and at a time sought to leave the United States and travel to Korea.

Here, the Court is unpersuaded by Defendant's arguments. As aforementioned, the Court's decision to grant the Government's motion to revoke Defendant Choi's bail at the conclusion of the April 26, 2011 hearing was supported by clear and convincing evidence of Defendant's repeated failure to adhere to the conditions of the pretrial release order. Moreover, the circumstances established at the hearing have not changed and nothing raised in Defendant's motion for reconsideration suggests that bail should once again be granted. Defendant has failed to demonstrate that the Court made any clear error of law or fact with respect to its decision to revoke Defendant's bail. As such, the motion for reconsideration must be denied.

## VI.  Conclusion

For the foregoing reasons, Defendant Choi's Motion for Reconsideration is denied. An appropriate Order follows.